UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LINDSEY GOLLIDAY and
NICOLA GOLLIDAY,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,

       Defendant.
_____/

Case No. 1:12-CV-855

HON. GORDON J. QUIST

## **OPINION**

Plaintiffs, Lindsey and Nicola Golliday, filed a Complaint in the Berrien County Circuit Court against Defendant, JPMorgan Chase Bank, N.A. (Chase), alleging a state-law claim for slander of title arising out of Chase's foreclosure of a mortgage the Gollidays granted on their property to secure a mortgage loan. Chase filed a timely Notice of Removal on August 16, 2012, removing the case to this Court on the basis of diversity jurisdiction.

Chase has now moved for dismissal of the Gollidays' Complaint on the grounds that: (1) the Gollidays' claim is barred by the doctrines of res judicata and collateral estoppel based on a judgment in a prior case between the Gollidays and Chase in this Court (*Golliday I*); (2) the Gollidays lack standing to pursue their claim because the Gollidays filed bankruptcy and their real property is part of the bankruptcy estate; and (3) the Gollidays' challenge to the foreclosure process fails as a matter of law. Chase also moves for an award of sanctions against the Gollidays and their counsel pursuant to Federal Rule of Civil Procedure 11. The Gollidays have not responded to either motion.

For the reasons set forth below, the Court will grant Chase's motions, dismiss the Gollidays' Complaint with prejudice, and award Chase sanctions against both the Gollidays and their counsel.

## I. BACKGROUND

The following facts are taken from the factual allegations in the Gollidays' Complaint, the exhibits attached to the Complaint, and matters of public record.[1]

On November 25, 2008, the Gollidays obtained a mortgage loan from Gateway Mortgage Group LLC (Gateway) in the principal amount of $189,499.00 to purchase real property (the Property) located at 2320 Revelation Avenue, Benton Harbor, Michigan. (Def.'s Br. Supp. Mot. Ex. 1.) To secure the loan, the Gollidays granted a mortgage on the Property to Mortgage Electronic Registration System, Inc. (MERS), as nominee for Gateway. (Compl. ¶ 3; *id.* Ex. 1.) The mortgage was recorded on December 3, 2008, in the Berrien County Register of Deeds at Liber 2866 Page 1152. On December 29, 2008, Gateway sold the Gollidays' mortgage note to Chase. (*Id.* Ex. 3.)

In October of 2009, the Gollidays defaulted on their loan, and on March 6, 2010, the loan account was referred to Trott & Trott, P.C. to initiate foreclosure proceedings. On or around March 24, 2010, MERS assigned its interest in the mortgage to Chase. (*Id.* ¶ 12 & Ex. 2.) The assignment was recorded on April 19, 2010, in the Berrien County Register of Deeds at Liber 2918 Page 1217. A sheriff's sale was scheduled for May 13, 2010.

The Gollidays filed *Golliday I* on May 6, 2010—seven days before the scheduled sheriff's sale—in the Berrien County Circuit Court, naming Chase Home Finance, LLC[2] and Trott & Trott, P.C. as defendants. The Gollidays alleged claims under the Truth-in-Lending Act and the Real

---

[1] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts recognize an exception for documents attached to or referenced in the complaint. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (noting that courts may consider matters of public record, items appearing in the record of the case and exhibits attached to the complaint without the necessity of converting a Rule 12(b)(6) motion into one for summary judgment) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

[2] The Gollidays allege in their Complaint in this case that JPMorgan Chase Bank, N.A. is the successor by merger to Chase Home Finance, LLC. (Compl. at 1.)

Estate Settlement Procedures Act against Chase and a claim under the Fair Debt Collection Practices Act against both Chase and Trott & Trott, P.C. In addition, the Gollidays alleged a state-law fraud claim against Trott & Trott, P.C. arising out of the execution of the mortgage assignment to Chase. For relief, the Gollidays requested, among other things, that the court invalidate the assignment to Chase. The defendants removed the case to this Court on the basis of federal question jurisdiction on June 3, 2010. The case was assigned to the Honorable Robert Holmes Bell as Case No. 1:10-CV-532.

On December 2, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation in *Golliday I* recommending that Trott & Trott, P.C.'s Motion for Summary Judgment be granted. (*Golliday I*, docket no. 48.) On January 5, 2011, Judge Bell rejected the Gollidays' objections and adopted the December 2, 2010, Report and Recommendation, concluding in part that the Gollidays failed to demonstrate fraud in connection with the execution of the assignment. (*Id.*, docket no. 56.) In addition, Judge Bell concluded that the Gollidays failed to show that they had standing to challenge the assignment. (*Id.* at 3 (citing *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings*, No. 10-11589, 2010 U.S. Dist. LEXIS 58601, at *3 (E.D. Mich. June 14, 2010).)

On August 23, 2011, Magistrate Judge Scoville issued a second Report and Recommendation in *Golliday I* recommending that Chase's Motion for Summary Judgment be granted. (*Id.*, docket no. 71.) In making his recommendation, Magistrate Judge Scoville rejected numerous challenges by the Gollidays to the validity of Chase's interest in the note and mortgage and to the validity of the foreclosure. (*Id.* at 12–18.) On September 16, 2011, Judge Bell rejected the Gollidays' objections to the August 23, 2011, Report and Recommendation and issued an Order adopting the August 23, 2011, Report and Recommendation. Judge Bell thereafter entered a Judgment

concluding the case. Chase then proceeded with the foreclosure, and the Property was sold at a sheriff's sale on February 9, 2012. (Def.'s Br. Supp. Mot. Ex. K.)

On April 19, 2012, the Gollidays filed for relief under Chapter 7 of the United States Bankruptcy Code. On June 21, 2012, the bankruptcy court granted Chase's Motion for Relief From the Automatic Stay, allowing Chase to initiate proceedings to take possession of the Property upon the expiration of the statutory redemption period.

The Gollidays filed the instant lawsuit on July 26, 2012—approximately two weeks before the expiration of the redemption period. In their Complaint in this case, the Gollidays allege that MERS lacked authority to assign the mortgage to Chase, the assignment was invalid to transfer any interest to Chase, Chase lacked an interest in the Mortgage at the time it initiated the foreclosure proceedings, and "the wrongfully scheduled and invalid Sheriff's Sale originally set for May 13, 2010, will cause [the Gollidays] irrepairable [sic] injury, loss or damage unless a preliminary injunction issues to stay the Sheriff's Sale resulting from the wrongful and invalid foreclosure by advertisement." (Compl. ¶¶ 8, 13, 16, 25.)

## II. DISCUSSION

### A. Motion to Dismiss

#### 1. The Gollidays' Claims are Barred by Res Judicata

Chase first argues that the Gollidays' claim is barred by the doctrine of res judicata, or claim preclusion. Although Chase relies on Michigan law regarding the application of res judicata, "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S. Ct. 2161, 2171 (2008); *see also* Restatement (Second) of Judgments § 87 ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.").

"The rules of res judicata actually comprise two doctrines concerning the preclusive effect of a prior adjudication, claim preclusion and issue preclusion." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). "The general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it." *Id.* "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 n.1 (1984). Thus, claim preclusion not only bars the parties from relitigating issues that were actually litigated, but also from relitigating issues that could have been raised in the prior action. *J.Z.G. Res., Inc.*, 84 F.3d at 214. Claim preclusion applies where the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in a subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action. *Becherer v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999) (en banc) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892, 128 S. Ct. at 2171. Issue preclusion applies where: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace & Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996).

All of the elements of claim preclusion are present in this case. First, Judge Bell issued a final judgment in *Golliday I* on the merits of the Gollidays' claims, and there is no indication that he lacked jurisdiction to do so. Second, this subsequent action, like *Golliday I*, is between the Gollidays and Chase. Third, in *Golliday I*, the Gollidays' claims focused, in large part, on the validity of the assignment from MERS to Chase, and Judge Bell concluded not only that the assignment was valid, but that the Gollidays lacked standing to challenge the assignment. In the instant case, the Gollidays assert that the assignment was invalid because MERS lacked authority to assign the mortgage to Chase. Finally, the causes of action are identical—in this case the Gollidays once again attack the validity of the assignment. Similarly, the elements of issue preclusion are present in this case. First, in his August 23, 2011, Report and Recommendation, which Judge Bell adopted, Magistrate Judge Scoville concluded that "[t]here is no legal impediment to Chase proceeding with the foreclosure in any manner permitted by state law." (*Golliday I*, docket no. 71 at 12.) In the instant case, the Gollidays allege that the foreclosure sale was invalid because Chase lacked a legal interest in the mortgage because the assignment was invalid. Second, Judge Scoville's determination was necessary to the outcome of *Golliday I*. Third, *Golliday I* resulted in a final judgment on the merits. Finally, the Gollidays had a full and fair opportunity to litigate the validity of the assignment in *Golliday I*.

  **2. The Gollidays Lack Standing to Pursue Their Claim**

The Gollidays' claim fails for the additional reason that they lack standing to assert a claim regarding the Property. The filing of a bankruptcy "creates an estate . . . [which includes] . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Because the Gollidays owned the Property when they filed their bankruptcy case, the Property became part of the bankruptcy estate, which now owns the Property. Thus, the bankruptcy

6

Trustee is the only party with standing to bring a claim relating to the Property. *See Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012) (noting that the plaintiff's age discrimination claim became part of her bankruptcy estate when she filed her bankruptcy petition and the bankruptcy trustee was the only party with standing to pursue the age discrimination claim); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) ("It is equally clear that the trustee in bankruptcy acts as representative of the estate. It is the trustee who 'has capacity to sue and be sued.'" (quoting 11 U.S.C. § 323(b)).

Accordingly, the Gollidays lack standing to assert their claim.

**B.     Motion for Sanctions**

Chase also moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Chase represents that it complied with Rule 11(c)(2) by serving its Motion for Sanctions on the Gollidays and their counsel at least twenty-one days before filing it with the Court. *See Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) (observing that "a motion for sanctions under Rule 11 must be served on the offending party for a period of 'safe harbor' at least twenty-one days prior to the entry of final judgment or judicial rejection of the offending contention").

Under Rule 11, an attorney or an unrepresented party who files a pleading or other paper with a court certifies, among other things, that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(1)–(2). Upon finding that Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The determination of an appropriate sanction is a matter

7

committed to the discretion of the district court. *See Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996). The range of sanctions includes

> nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). However, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*

In the Sixth Circuit, the test for determining whether a party has violated Rule 11 is whether the individual's conduct was reasonable under the circumstances. *See Ridder*, 109 F.3d 288, 293 (6th Cir. 1997). The standard is an objective one. *See Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). "Thus, an attorney's good faith is not a defense." *Id.* The attorney's conduct is to be judged at the time the pleading or paper was signed rather than on the basis of hindsight. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987).

Based on its review of the Gollidays' Complaint, Chase's Motion for Sanctions and supporting materials, and the docket report in *Golliday I*, the Court concludes that the Gollidays and their counsel violated Rule 11(b)(1) and (2) by filing this case because their conduct was objectively unreasonable. Given Judge Bell's rulings in *Golliday I*, the Gollidays and their counsel should have known that their claim would be barred by both claim and issue preclusion because the claim the Gollidays raise in this case was essentially raised and rejected in *Golliday I*. Morever, having opted for the protection of the Bankruptcy laws, the Gollidays should have known that they lacked standing to pursue their claim. In this Court's judgment, the Gollidays' lack of response to Chase's Motion to Dismiss and Motion for Sanctions underscores that the Gollidays and their counsel filed this case for an improper purpose and solely to delay Chase's efforts to pursue its legal rights.

Accordingly, the Court concludes that Chase is entitled to sanctions against the Gollidays and their counsel in the form of an award of attorney's fees that Chase incurred in defending this action. The Court will order Chase to submit a statement of the fees it incurred and will afford the Gollidays and their counsel an opportunity to raise any objections they deem appropriate.

### III. Conclusion

For the foregoing reasons, the Court will grant Chase's Motion to Dismiss and dismiss the Gollidays' Complaint with prejudice. The Court will also grant Chase's Motion for Sanctions.

An Order consistent with this Opinion will enter.


Dated: January 9, 2013                                             /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE